Filed 4/11/22  P. v. Rogers CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　v.<br><br>KEITH L. ROGERS,<br><br>　　Defendant and Appellant. | D079596<br><br><br>(Super. Ct. No. PLAG3546) |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2021, Keith L. Rogers was on parole for a sex offense and was under GPS supervision.  Rogers committed a sexual battery and a petition to revoke probation was filed.  An evidentiary hearing was held on the petition.  At the end of the hearing, the court revoked parole and sentenced Rogers to 76 days of additional custody.

Rogers filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Rogers the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

Appellate counsel has provided an accurate summary of the facts presented at the evidentiary hearing. We will adopt the statement of facts from the appellant's brief.

### Prosecution Case

California Department of Corrections Parole Agent Jose Barrientos was assigned to the Inland GPS unit supervising sex offenders on GPS supervision. Rogers is required to wear a GPS monitor and is on a five-year-period of parole. His parole has been revoked ten times, and Rogers was sanctioned for 180 days confinement on each occasion.

On September 7, 2021, Cheyenne T. was sunbathing in a bikini on Pacific Beach. She felt something lightly touch her butt, turned, and saw a man with his face very close to her butt. She believed he kissed her butt. Cheyenne yelled at the man, telling him to leave her alone. He slowly walked away. She began to leave the beach but decided to stay after people said the man was no longer around. The man was very tall, short-haired, African American, wearing baggy clothes and carrying bags. At the hearing, Cheyenne identified Rogers as the man.

Cheyenne reported the incident to San Diego Police. She later located surveillance video from a nearby house and provided this to a detective. Cheyenne identified Rogers as the person on the video. Later that afternoon, Cheyenne identified Rogers in a field show up.

2

San Diego Police Officer Jack Ester responded to a radio call regarding a suspected sexual battery; he was provided a location mapped by an ankle monitor and given a description of a tall African American male wearing baggy clothing and carrying a bag.  Ester detained Rogers at the location.

Defense Case

There was no affirmative defense presented.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal.

1.  Was Rogers properly placed on parole supervision or should he have been placed on postrelease community supervision?

2.  Is there sufficient evidence to support the finding that Rogers was in violation of the conditions of his parole?

3.  Should Rogers's sexual offender registration requirement be terminated and removed pursuant to Penal Code section 290, subdivision (d)?

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Rogers on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

DATO, J.

DO, J.

4